UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL ROBERTSON,

Defendant.

**DECISION AND ORDER**

14-CR-134A

## I) INTRODUCTION

Pending before the Court is a motion (Dkt. No. 198) by defendant Michael

Robertson ("Robertson") for reconsideration of a prior denial of bail on July 28,

2014 (Dkt. No. 17).  Robertson emphasizes that he has significant local ties and

a minimal criminal history.  Robertson also blames his arrest on his drug and

alcohol addictions.  The Government argues that circumstances have not

changed since the original detention hearing.  The Government also emphasizes

that Robertson poses a danger because he allegedly provided a gun that a

codefendant used in a shooting related to this case.  The United States Probation

Office ("USPO") recommends continued detention.

The Court held a bail review hearing on June 25, 2015.  For the reasons

below, the Court denies the motion.

## II) BACKGROUND

This case concerns allegations that Robertson and others helped run the Schuele Boys, a neighborhood based street gang that operated in the City of Buffalo.  In a pre-indictment complaint filed on June 21, 2014 (Dkt. No. 1), the Government outlined the extent of Robertson's participation.  Robertson allegedly supplied others with narcotics and helped maintain multiple premises for narcotics preparation and storage.  The Government also claimed to have intercepted telephone conversations in which Robertson and others discussed counter-surveillance techniques.  These techniques included the use of multiple, disposable cellular telephones; the use of rental cars to thwart the detailing of any particular car; and the tracking of suspected law-enforcement vehicles.  Finally, the Government asserted in the complaint that Robertson provided codefendant Fred Johnson ("Johnson") with a firearm for use against unspecified other individuals with whom Johnson was quarreling.  (*See id.* at 35.)  At a detention hearing on July 28, 2014, the Court found clear and convincing evidence that Robertson posed a danger to the community and ordered him detained.  (Dkt. No. 17.)  On August 1, 2014, the Government filed an indictment against Robertson and others.  The indictment contained one count plus two forfeiture allegations.  In Count One, the Government accused Robertson and all codefendants of a drug conspiracy in violation of 21 U.S.C. § 846.  Neither side

revisited detention after the indictment, and the Court did not raise the issue on its own.

Robertson filed the pending motion on June 16, 2015.  Robertson emphasizes that he self-surrendered at the time of his arrest and was cooperative with the arresting officers.  Robertson is a life-long native of Buffalo, and his entire family lives here.  As for danger to the community, Robertson downplays his prior misdemeanor convictions as vehicular infractions that did not implicate any violent behavior.  Addressing the drug charges in this case, Robertson asserts that he has problems with addictions to drugs and alcohol.  In an effort to secure release, Robertson has offered to enter an alcohol and drug treatment program as a condition of release.

The Government opposes the pending motion.  The Government points to Robertson's criminal history and notes that, Robertson's criticism of the United States Sentencing Guidelines notwithstanding, his history would put him at Category III for sentencing purposes.  The Government also asserts that, if anything, the evidence against Robertson has strengthened.  Since the original detention hearing, several codefendants have taken guilty pleas.  According to the Government, these codefendants would testify against Robertson at trial and would detail the extent of his dealing in narcotics and firearms.  Finally, the Government emphasizes that Robertson committed the crimes alleged in this case while on a conditional discharge for his most recent vehicular infraction.

The Government concludes that Robertson cannot rebut the presumption in favor of detention and that he would face a mandatory minimum sentence of 10 years if convicted at trial.

The USPO also opposes release.  In a memorandum to counsel and the Court dated June 17, 2015, the USPO focused on two inconsistencies in Robertson's motion.  Robertson claimed in his motion that he "has no criminal history whatsoever."  (Dkt No. 198 at 3.)[1]  The USPO contrasted that statement with the criminal history that it provided the Court in its pretrial services report of July 28, 2014.  The USPO also took exception to Robertson's claim that his drug and alcohol addictions brought about his arrest in this case.  The USPO interviewed Robertson when preparing the pretrial services report.  The report includes a statement that Robertson denied use of illegal drugs and any alcohol use beyond social drinking; the USPO stands by that statement as something that Robertson provided directly.

## III) DISCUSSION

Once the Court has issued a detention order, as it has once before regarding this defendant, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

---

[1] Robertson clarified this assertion at the bail review hearing.

reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, Robertson has not provided any new information to warrant reconsideration. Robertson remains accused of drug offenses that prompt the presumption in favor of detention as set forth in 18 U.S.C. § 3142(e)(3). Without infringing on the presumption of innocence, the evidence against Robertson appears to have strengthened since the original detention hearing. Robertson has made no showing to the contrary. *Cf. U.S. v. Jackson*, 823 F.2d 4, 7 (2d Cir.1987) ("As to the weight of the evidence, the government apparently has numerous informants as well as physical evidence to support its charges. Indeed, [defendant] has made no significant attack on the government's proffered evidence."). The Government also has evidence connecting Robertson to the firearm that law enforcement agents found on Johnson when Johnson was

arrested. *Cf. U.S. v. Moore*, No. CR-11-0905 SBA-2, 2013 WL 1365954, at *2

(N.D. Cal. Apr. 3, 2013) ("Although Defendant did not personally brandish a gun,

he actively participated in the crime and helped his codefendant use the gun to

commit the robbery.  This shows that he poses a danger to the community.");

*U.S. v. Luisa*, 266 F. Supp. 2d 440, 441–42 (W.D.N.C. 2003) (affirming a pre-trial

order of detention after a plea where, inter alia, the defendant supplied a gun to

another person).  Finally, while Robertson perhaps could argue that a conditional

discharge differs from conditions of bail or probation, Robertson's conditional

discharge is telling.  The alleged decision to commit a criminal offense while

awaiting the final resolution of a prior criminal offense makes the Court worry that

Robertson might put himself in charge of his conditions of release.  *Cf. U.S. v.*

*Barnett*, No. 5:03-CR-243(NAM), 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17,

2003) ("Every state conviction accompanied by a conditional discharge sentence

imposes a condition that the defendant not engage in new criminal behavior

within a specified period.  A defendant who violates that condition demonstrates

a total lack of respect for the court that imposed it.  Every sentence of probation

or parole requires a defendant to meet judicially imposed conditions, and

violations of either are further evidence of a defendant's inability to comply with

judicial mandates and supervision.  Evidence of new criminal behavior while

other charges are pending inevitably leads to the conclusion that a defendant

places his own self-interests above that of the community.  In turn, the

community has a right to expect courts to protect it."). The Court's prior finding of danger thus remains justified. Robertson's proffer about his family and his local ties would suffice to allay any concerns about non-appearance, but the Court did not find Robertson a flight risk at the original detention hearing and does not do so now.

Under these circumstances, the Court finds that the factors most relevant to Robertson's custody status have not changed and that he has not overcome the presumption in favor of detention. The Court is content to let its prior detention order stand as is.

## IV) CONCLUSION

For all of the foregoing reasons, the Court denies Robertson's pending motion (Dkt. No. 198).

Robertson will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's continued order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford Robertson reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez* ("Rodriguez I"), No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which

Robertson is confined must deliver Robertson to a United States Marshal for the

purpose of an appearance in connection with a court proceeding in this case.

*See also U.S. v. Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157,

at *7 (W.D.N.Y. Mar. 12, 2015) (Scott, *M.J.*) (interpreting 18 U.S.C. § 3142(i)(4)

to allow transports to prepare for an oral argument or hearing).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order

will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

__/s Hugh B. Scott_____          __
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: July 7, 2015